**Rafael Antonio BRAN–SABAJAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73091.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Otto I. Pena, Esquire, Law Offices of Otto I. Pena, Los Angeles, CA, for Petitioner.

Monica Antoun, Esquire, Charles Canter, Trial, Barry J. Pettinato, DOJ—U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Rafael Antonio Bran–Sabajan, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Bran–Sabajan's contention that he became a United States citizen pursuant to the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431, is foreclosed because he was over 18 years old on the CCA's effective date. *Id.* at 760.

Bran–Sabajan lacks standing to raise his constitutional challenges regarding the CCA. Because he could not meet the CCA's requirements regardless of whether the statute applied retroactively, he has not suffered an injury that is likely to be redressed by a favorable decision of the Court. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.